HOBSON, Judge.
Appellants, defendants below, appeal a final decree awarding the appellees, plaintiffs below, damages in the amount of $151,-180.30. This suit arose out of a construction contract in which the deceased, E. L. Kornblum, doing business as Elko Contractors, agreed to construct an addition to the motel owned by the appellees whereby he was to erect 20 additional units. The appellant, Aetna, executed a performance bond agreeing to indemnify the appellees against any loss or damage directly arising by reason of the failure of the contractor to faithfully perform under said contract.
The appellees filed suit for declaratory relief alleging certain deficiencies in the construction of the addition as called for by the architect’s plans and specifications as a result of which the appellants had breached the construction contract. The lower court entered its final decree as to the liability of the appellants on August 28, 1963, which in part stated:
“ * * * both the said E. N. Kornblum and Aetna Insurance Company have breached the aforesaid contract, examples of which are that in some instances the strength of the concrete used in the structure was far below that called for in the contract documents, steel reinforcing was left exposed to the elements, hollow pilasters were not filled with concrete to mention a few, as a result of all of which the owners are entitled to have the contract declared at an end and to take possession of the partially constructed building and the premises on which the same is situated and if they deem it necessary to raze the existing structure or so much thereof as they consider proper and to complete or reconstruct the same in accordance with the aforesaid plans and specifications (emphasis supplied)
This final decree was affirmed by this court in Kornblum v. Nevans, Fla.App. 1965, 174 So.2d 632.
*886 Subsequent to the final decree on liability the appellees razed a portion of the addition and approximately eleven months after the completion date contained in the construction contract, completed the addition consisting of 16 units. This completed addition contained four less units than called for under the original construction contract and the plans and specifications.
The final decree appealed was entered after voluminous testimony concerning the damages sustained by the appellees by reason of the appellants’ breach of the construction contract. The court and all parities to the suit agreed that the damages awarded in the final decree were ascertained in the following manner:
TABULATION OF DAMAGES AWARDED
(1) Value of addition based on contract price if constructed in accordance with contract $ 122,130.00
less items not above $ 8036.28
value of part razed 32076.00
Value of addition if constructed without defects 82,017.22
less one half of useful life $41,008.86
Value of addition as constructed 41,008.86
Actual cost of addition $ 122,065.33
less value of addition as constructed $41,008.86
architect’s fee 3,840.98
Completion damages $ 77,215.49
(2) Loss of income on 16 units for 11 months delayed completion $ 24,100.00
(3) Loss of income on 4 razed units for 20 year economic life 112,000.00
less depreciation $24,440.00
reduction to present value 47,597.62
Damages for loss of income on 4 razed units 39,962.38
(4) Amounts allowed lienors $ 9,902.43
Completion damages (1) $ 77,215.49
Profit damages for delay (2) 24,100.00
Profit damages for razed units (3) 39,962.38
Damages for lienors (4) 9,902.43
$ 151,180.30
We have carefully read the record on appeal and studied the respective briefs of the parties and hold that the trial court erred in awarding damages to the appellees for both the value of the four units razed but not reconstructed in accordance with the original plans and specifications and for loss of profits on the four razed units for a period of their 20-year economic life.
*887 The tabulation of damages set out above shows that the appellees received a credit of $32,076 for the value of the four razed units, together with the loss of profits from the same four razed units in the amount of $112,000, less depreciation and reduction to present money value, leaving a net loss of profits for the four razed units in the amount of $39,962.38. Under the prior final decree on liability the appellees were given the right to “raze the existing structures, or so much thereof as they considered proper and to complete or reconstruct the same in accordance with the aforesaid plans and specifications.” The appellees deemed it necessary to raze the four units but did not see fit to comply with the court’s final decree and reconstruct the same in accordance with the original plans and specifications under the construction contract. The appellees in their brief advanced the following excuse for not reconstructing the four razed units:
“The fast approaching 1964 season prevented the reconstruction of four units which had been demolished. Any attempt to have done so would have created noise and confusion and rendered the other units of the motel untenantable for the season.”
It might well be that the reconstruction of the four razed units would have delayed the completion of the addition to some date subsequent to the actual completion date of the addition. If the appellees had complied with the court’s final decree and thereby suffered further delay in completing the addition this would have been taken into consideration in awarding damages for delay of completion.
We therefore hold that the appellees are entitled to the value of the four units razed in the amount of $32,076 but are not entitled to profit damages for the razed units in the amount of $39,962.38.
The other assignments of error have been carefully considered and found to be without merit or have become moot by reason of our opinion herein.
The final decree is affirmed in part and reversed in part.
ALLEN, C. J., and SHANNON, J., concur.